# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWIGHT BOWEN, | : | CIVIL NO. 3:CV-10-1737 |
|     Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| JON D. FISHER, | : | |
|     Respondent | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Dwight Bowen, an inmate confined at the State Correctional Institution at Smithfield, Huntingdon, Pennsylvania, filed this habeas corpus action pursuant to 28 U.S.C. §2254, "challeng[ing] all disciplinary sentences with remaining total of 910 days confinement in respondent[']s disciplinary unit from disciplinary hearings that were without due process of law. . ." and challenging the conditions of his confinement. (Doc. 1.) Preliminary review of the petition has been given and it is concluded that it is appropriate to dismiss the petition at this stage of the proceedings. See R. GOVERNING § 2254 CASES R. 4 (stating "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner").

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Telford v. Harvey, 990 f.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally

been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. See Leamer, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Bowen's alleges Fourteenth Amendment due process and Eighth Amendment conditions of confinement claims. Habeas corpus is not an appropriate remedy for pursuit of civil rights claims. Consequently, the petition will be dismissed without prejudice to any right Bowen may have to reassert his claims in a properly filed civil rights action.

An appropriate order will issue.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: October 6, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DWIGHT BOWEN,           :    CIVIL NO. 3:CV-10-1737
    Petitioner,       :
                      :    (Judge Munley)
    v.                :
                      :
JON D. FISHER,          :
    Respondent        :

## ORDER

AND NOW, to wit, this 6th day of October 2010, it is hereby ORDERED that:

1. Bowen's motion to proceed in forma pauperis (Doc. 2) is GRANTED for the sole purpose of the filing of this action.

2. The petition for writ of habeas corpus (Doc. 1) is DISMISSED.

3. The dismissal of the petition is without prejudice to any right Bowen may have to reassert his claims in a properly filed civil rights action.

4. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
United States District Court